IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-324-D
No. 5:08-CV-582-D

| | | |
|---|---|---|
| TIMOTHY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Timothy Jones ("petitioner" or "Jones") filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [D.E. 74]. On April 14, 2010, Jones filed a motion to clarify the status of his case [D.E. 76]. On October 27, 2009, Jones moved to amend [D.E. 77] the motion to vacate. On March 8, 2010, the government moved for summary judgment [D.E. 81]. As explained below, the court denies Jones' motion to vacate [D.E. 74], denies Jones' motion to clarify [D.E. 76] as moot, grants Jones' motion to amend [D.E. 77], denies Jones' amended motion to vacate [D.E. 77], and grants the government's motion for summary judgment [D.E. 81].

I.

On September 6, 2005, a jury found Jones guilty of conspiracy to distribute and to possess with the intent to distribute more than 50 grams of cocaine base and more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846 (count one), and distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. § 841 (count two) [D.E. 53]. On February 7, 2006, the court sentenced Jones to life imprisonment on each count [D.E. 59]. At sentencing, the court adopted the Presentence Investigation Report ("PSR"), and found that Jones was accountable for 227.78 kilograms of cocaine base. PSR ¶ 14. Jones' total offense level was 43. Id. ¶ 54. His criminal

record placed him in criminal history category III. PSR ¶¶ 18–25, 57. His advisory guideline range was life imprisonment. Id. ¶ 57. Jones appealed and, on April 19, 2007, the Fourth Circuit affirmed the court's judgment. United States v. Jones, 228 Fed. Appx. 306 (4th Cir. 2007) (per curiam) (unpublished). On November 5, 2007, the U.S. Supreme Court denied Jones' petition for writ of certiorari. Jones v. United States, 552 U.S. 1014 (2007).

On November 25, 2008, Jones filed a motion to vacate under 28 U.S.C. § 2255 [D.E. 74]. Jones claims, inter alia, that he received ineffective assistance of counsel. Id.

On October 27, 2009, Jones filed a motion for leave to amend his motion to vacate [D.E. 77]. A party may amend his pleading once as a matter of right, before the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1).[1] Jones has not amended his petition previously, and he filed his motion before being served with a responsive pleading. Thus, the court grants petitioner's motion for leave to amend the motion to vacate [D.E. 77].

Jones did not re-plead his original claims in his amended petition. "The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended [pleading] omits claims raised in the original [pleading], the [party] has waived those omitted claims." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Accordingly, Jones has waived the claims in the first motion to vacate [D.E. 74]. Alternatively, Jones' ineffective-assistance-of-counsel claims in his first motion to vacate fail on the merits.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel — that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam)

---

[1] Rule 15 of the Federal Rules of Civil Procedure was amended on December 1, 2009. The amendments do not affect petitioner's motion to amend.

2

(quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). A person alleging ineffective assistance of counsel (either at the trial level or on appeal) must demonstrate not only that counsel's representation fell below an objective standard of reasonableness, but also demonstrate prejudice. See Strickland, 466 U.S. at 687–96; see also Hill v. Lockhart, 474 U.S. 52, 58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

As for Strickland's first requirement, the "proper standard for attorney performance is that of reasonably effective assistance." Strickland, 466 U.S. at 687. In analyzing whether defendant has met this requirement, a reviewing court must apply an "objective standard of reasonableness" to counsel's conduct. Id. at 688; Van Hook, 130 S. Ct. at 16. In Strickland, the Supreme Court recognized that trial counsel necessarily makes numerous tactical decisions during any given trial. See Strickland, 466 U.S. at 689. The Strickland standard prohibits a reviewing court from using 20-20 hindsight to second-guess such tactical decisions. See id. at 688–90. Rather, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a court must examine counsel's conduct without the "distorting effects of hindsight." Id. at 689; see Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008).

As for Strickland's second requirement, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691; see Van Hook, 130 S. Ct at 19–20. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Ultimately, "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. Moreover, "Strickland places the burden on the defendant, not

3

the [government], to show a reasonable probability that the result would have been different." Wong v. Belmontes, 130 S. Ct. 383, 390–91 (2009) (per curiam) (quotation omitted).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. In analyzing an ineffective-assistance claim, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Jones asserts that his trial counsel was ineffective because: (1) counsel failed to effectively cross-examine Detective Willie Troy about Detective Jack Groves' "unlawful activity" while investigating Jones and failed to call Groves to testify about the same; (2) counsel failed to effectively impeach Dwayne Davis by offering evidence of inconsistent statements in police reports; (3) counsel erroneously advised Jones to plead not guilty; (4) counsel failed to argue for a reduced sentence based on the 100-to-1 crack-to-powder disparity; (5) counsel failed to properly investigate Jones' case, present exculpatory evidence, engage in motions practice, object to jury instructions, or resolve an undefined conflict of interest; and (6) counsel failed to present stronger issues on appeal.[2]

As for Jones' claim that counsel failed to effectively cross-examine Troy or call Groves, the government elicited information about Groves' misconduct from Troy on direct examination. See Trial Tr. Vol. III at 530–32. Thus, the jury was aware that Groves was involved in misconduct, and defense counsel did not act unreasonably by not questioning Troy further or calling Groves to the stand. Cf. United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010) ("[W]hich witnesses to call

---

[2]Jones apparently used a "model form" to complete part of his petition. In this model form, Jones lists only four claims. See Mot. to Vacate 4–8. However, Jones' "statement of claim" appears to assert additional claims of ineffective assistance. See id. 16–24. The court addresses these additional potential grounds for relief.

4

is a classic tactical decision left to counsel, and it remains a decision for counsel even when the client disagrees." (citations omitted)). Furthermore, even if counsel's failure to cross-examine Troy on this issue or call Groves was erroneous, Jones cannot show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Thus, this claim for ineffective assistance of trial counsel fails.

As for Jones' argument that counsel was ineffective for failing to impeach Davis, the record shows that Jones' counsel extensively cross-examined Davis. See Trial Tr. Vol. II at 302–64. In light of counsel's vigorous cross-examination, the fact that counsel failed to address a minor discrepancy between Davis' testimony and handwritten notes made by an officer on a "Report of Drug Property Collected, Purchased, or Seized" was not ineffective assistance. Moreover, even if counsel's failure to impeach Davis' account of the September 14, 2000 drug purchase was erroneous, in light of counsel's extensive cross-examination and the overwhelming evidence against Jones, Jones cannot show a "reasonable probability that the result would have been different." Wong, 130 S. Ct. at 390–91 (quotation omitted).

Next, Jones contends that counsel "affirmatively misadvised . . . Jones that a plea of nolo contendere or plea of guilty would not help him or reduce his guideline sentencing range." Mot. to Vacate 5. Specifically, Jones asserts that counsel failed to explain "that a timely plea of guilty or nolo contendere with a downward adjustment for acceptance of responsibility would reduce . . . Jones' guideline sentencing range [for imprisonment] from mandatory life to 360 months to life." Id. ¶ 48. Jones also vaguely refers to "additional, [and] far more useful and powerful defenses" that would have been available to Jones at sentencing if he had pleaded guilty rather than proceeding to trial. Id. ¶ 51. In support, Jones relies on a statement made by counsel at sentencing that "relevant conduct would have been the same one way or the other, and the likely outcome, with . . . the points

5

for acceptance of responsibility would have been the same." See Sent'g Tr. 18–19.

Jones "must show that there is a reasonable probability that, but for the counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (per curiam) (quotation and alterations omitted); see Hill, 474 U.S. at 59. To the extent that Jones argues that he was misadvised of the effect of a plea of guilty or not guilty on sentencing, counsel is only required to make a "good faith" "estimate of a [defendant's] likely sentence." Moore v. Bryant, 348 F.3d 238, 241 (7th Cir. 2003) (quotation omitted); cf. Little v. Allsbrook, 731 F.2d 238, 241 (4th Cir. 1984) ("An attorney's 'bad guess' as to sentencing does not justify the withdrawal of a guilty plea and is no reason to invalidate a plea."). The record shows that counsel competently advised Jones of his options regarding a plea of guilty or not guilty. See Beaver Aff. 3–7. Even assuming that counsel failed to convey the effect of acceptance of responsibility on Jones' advisory guideline range, counsel's error was at most a "bad guess" as to sentencing and does not constitute ineffective assistance of counsel. See Little, 731 F.2d at 241. Moreover, even if Jones had received an adjustment for acceptance of responsibility at sentencing, his advisory guideline range would have been reduced to 360 to life and would still have included the sentence he received. Thus, even if counsel erred, Jones cannot show that there is a "reasonable probability that the result would have been different." Wong, 130 S. Ct. 390–91 (quotation omitted).

Furthermore, even if counsel's advice was erroneous, Jones fails to show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial. See Hill, 474 U.S. at 59; Coulter, 60 F.3d at 1504. Jones cites "no evidence to indicate that prior to his conviction he expressed any desire to plead guilty." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991). Counsel met repeatedly with Jones in preparation for his case and throughout theses meetings "Jones was adamant [that] he was not interested in plea

6

bargaining his case or pleading guilty 'straight-up.'" Beaver Aff. 5. Indeed, even at sentencing, Jones failed to accept responsibility for his conduct and advised the court that there were "a lot of things that wasn't [sic] true that was in this trial." Sent'g Tr. 13. Thus, the court finds that Jones' "after the fact [statement] concerning his desire to plead [guilty], without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have [pleaded guilty]." Diaz, 930 F.2d at 835.

Jones also argues that counsel should have argued for a reduced sentence based on the 100-to-1 crack-to-powder disparity. The Sentencing Guidelines in effect at the time of sentencing called for a base offense level of 38 for 150 kilograms or more of cocaine or 1.5 kilograms or more of crack. See U.S.S.G. § 2D1.1(c)(1) (2005). At sentencing, the court found Jones accountable for 227.78 kilograms of crack. Accordingly, even if counsel had objected to the 100-to-1 crack-to-powder disparity and the court had accepted this argument, under the Sentencing Guidelines in effect at the time of Jones' sentencing his base offense level would have remained 38. Thus, Jones cannot show that if counsel had objected there is a "reasonable probability that the result would have been different." Wong, 130 S. Ct. at 390–91 (quotation omitted).

Next, Jones claims that counsel failed to properly investigate his case, present exculpatory evidence, engage in motions practice, object to jury instructions, or resolve an undefined conflict of interest. Jones has not provided any factual basis to support these allegations. Unsupported allegations do not warrant relief. See, e.g., Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds by Gray v. Netherland, 518 U.S. 152 (1996). Moreover, even if counsel erred, the evidence against Jones at his trial was overwhelming. Therefore, Jones cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

7

As for Jones' allegation that his appellate counsel was ineffective for failing to raise stronger arguments on appeal, appellate counsel is afforded the "presumption that he decided which issues were most likely to afford relief on appeal." Bell, 236 F.3d at 164 (quotation and alteration omitted). Appellate counsel is not obligated to assert all non-frivolous issues. Id. (recognizing that "there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review") (quotation omitted)). Although the Fourth Circuit rejected the arguments of Jones' appellate counsel, appellate counsel's performance was not constitutionally ineffective. Accordingly, Jones has not presented any facts to support this claim and overcome the "presumption that [counsel] decided which issues were most likely to afford relief on appeal." Id. (quotation omitted). Thus, this ineffective-assistance claim fails.

Jones also raises several constitutional objections to his conviction and sentence in a section titled "Ground Four." Mot. to Vacate 7. However, other than Jones' claim that his Sixth Amendment right to a jury trial was violated, Jones failed to raise these arguments on direct review. Thus, he procedurally defaulted this claim. See, e.g., Bousley v. United States, 523 U.S. 614, 622 (1998). Accordingly, Jones must show "cause" and "actual prejudice" resulting from the alleged error, Bousley, 523 U.S. at 622 (quotations omitted); see, e.g., United States v. Frady, 456 U.S. 152, 167–68 (1982), or that he is "actually innocent." Bousley, 523 U.S. at 622 (quotation omitted). Jones offers no arguments to show cause, actual prejudice, or actual innocence. See Bousley, 523 U.S. at 622–24. Thus, this claim fails.

As for Jones' Sixth Amendment claim, this is the same argument Jones raised on direct appeal, and the Fourth Circuit rejected it. See Jones, 228 Fed. Appx. at 307. Section 2255 generally is not a secondary mechanism by which a petitioner may file successive and repetitious constitutional

8

claims that previously were raised and rejected on direct appeal. See, e.g., United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam); see also Withrow v. Williams, 507 U.S. 680, 720–21 (1993) (Scalia, J., concurring in part and dissenting in part) (collecting cases); Oliver v. United States, 90 F.3d 177, 180 (6th Cir. 1996); United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (Alito, J.); Thompson v. United States, 7 F.3d 1377, 1378–79 (8th Cir. 1993) (per curiam). Thus, the court grants summary judgment in favor of the government on this claim.

As for the claims Jones makes in his amended motion to vacate [D.E. 77], Jones failed to raise these claims on direct appeal. Thus, Jones has procedurally defaulted these claims. Furthermore, Jones fails to show cause, prejudice, or actual innocence. See Bousley, 523 U.S. at 622–24. Thus, the court grants the government summary judgment on the claims in Jones' amended motion to vacate.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Jones is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether Jones is entitled to a certificate of appealability with respect to one or more of the issues presented in this habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies a petitioner's constitutional claims on the merits, petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

9

Where a court dismisses a petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of Jones' claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

II.

In sum, the court GRANTS the government's motion for summary judgment [D.E. 81], GRANTS petitioner's motion for leave to amend [D.E. 77], DENIES petitioner's amended motion to vacate [D.E. 74, 77], and DENIES petitioner's motion to clarify status of case [D.E. 76] as moot. The court also DENIES a certificate of appealability.

SO ORDERED. This 25 day of June 2010

JAMES C. DEVER III
United States District Judge